## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | § | |
| PAMELA TUEL and | § | |
| RONALD TUEL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-19437 |
| | § | |
| EXPERIAN INFORMATION | § | Complaint for Damages |
| SOLUTIONS, INC., | § | |
| TRANS UNION LLC, and | § | With Jury Demand Endorsed |
| OCWEN LOAN SERVICING LLC d/b/a | § | |
| PHH MORTGAGE SERVICES, | § | |
| | § | |
| Defendants. | § | |

## <u>COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Pamela Tuel and Ronald Tuel ("Plaintiffs"), by and through counsel, for their

Complaint against Defendants, Experian Information Solutions, Inc., Trans Union LLC, Ocwen

Loan Servicing LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, states as

follows:

### I.   INTRODUCTION

1.     Two of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15

U.S.C. § 1681a(f), and one PHH Mortgage Services as successor by merger to Ocwen Loan

Servicing LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. §

1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiffs seek to recover from

Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiffs, Pamela Tuel and Ronald Tuel, are natural persons residing in Crawford County, Illinois and are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c), and are victims of repeated  false credit reporting.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information

concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

5.      Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," "Ocwen/PHH" "Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company, who acquired PHH Mortgage Services, a New Jersey Corporation, that does substantial business in this judicial district  and may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 . Ocwen d/b/a PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

6.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Experian, and TransUnion.

## III. JURISDICTION AND VENUE

7.      Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

8.   Venue is proper in this district, because Defendants transact business in this district, PHH services the loan on behalf of Ocwen and PHH's headquarters are located in this district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the District of New Jersey. 28 U.S.C. § 1391.

9.   Venue is further proper in this District, because CRA Defendants entered into agreements with Ocwen d/b/a PHH in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiffs' dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Ocwen d/b/a PHH's headquarters and investigated by the furnisher Ocwen d/b/a PHH using PHH/Ocwen's resources located at or closely connected to this judicial district. Ocwen d/b/a PHH managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV. FACTUAL ALLEGATIONS

### Background Information for Plaintiff's PHH/Ocwen Mortgage

10.      In or around May 1, 1998, Plaintiffs secured a mortgage for their home at 407 East

Indiana Street, Oblong, Crawford County, Illinois, 62449 with Mortgage Center.

11.     Upon information and belief, sometime thereafter in May 29, 1998, Plaintiffs' mortgage was transferred, purchased, sold to, or otherwise acquired by Defendant Ocwen (hereinafter the "Ocwen mortgage").

12.     On or around April 13, 2015, the Plaintiffs filed for Bankruptcy Protection under Chapter 13 of Title 11.

13.     A redacted copy of Plaintiffs' Chapter 13 Docket Report is attached hereto as Exhibit "A" and incorporated by reference herein.

14.     On or around July 15, 2015, the Plaintiffs' Chapter 13 Bankruptcy Plan was confirmed in an Order by United States Bankruptcy Judge Laura K. Grandy.

15.     A redacted copy of Plaintiffs' Order confirming the Chapter 13 Plan is attached hereto as Exhibit "B" and incorporated by reference herein.

16.     On or around September 24, 2015, Plaintiffs submitted an Amended Chapter 13 Plan and a copy of the notice was sent to The Bank of New York Mellon Trust Company on behalf of Ocwen.

17.     Redacted copies of Plaintiffs' Amended Chapter 13 Plan and Certificate of Service are attached hereto as Exhibits "C" and "D" respectively and are incorporated herein by reference.

18.     Upon information and belief, sometime thereafter in October 2018, PHH Mortgage Corporation, a New Jersey Corporation, merged/acquired/consolidated with Ocwen and became a subsidiary. As of June 1, 2019, PHH became the current mortgage loan server for Plaintiffs' loan, having acquired servicing for the mortgage account. (hereinafter the "Ocwen/PHH mortgage").

19.     On or around March 18, 2020, the Plaintiffs were discharged from their Chapter 13

Bankruptcy.  The discharge order was signed by Judge Laura K. Grandy.

20.     A redacted copy of Plaintiff's Chapter 13 Discharge Order is attached hereto as Exhibit "E" and incorporated herein by reference.

21.     On April 7, 2020, Russell Simon, the Trustee for the Chapter 13 Bankruptcy, filed a Chapter 13 Standing Trustee's Final Report and Account.

22.     A redacted copy of Plaintiff's Chapter 13 Standing Trustee's Final Report and Account is attached hereto as Exhibit "F" and incorporated herein by reference.

23.     On or around April 22, 2020, the Chapter 13 Bankruptcy was terminated. *See* Exhibit "A".

24.     To this day, the Plaintiffs still lives in the home and continues to make timely mortgage payments to both Ocwen/PHH mortgages and this has been ones single loan the entire time since it was taken out in May of 1998.

<u>Credit Reporting</u>

25.     Sometime in April of 2021, Plaintiffs pulled their credit reports and noticed that inaccurate information was reporting.

26.     Redacted copies of Plaintiff Pamela Tuel's April Tri-Merge credit report and Plaintiff Ronald Tuel's April Tri-Merge credit report are attached hereto as Exhibits "G" and "H" respectively and are incorporated herein by reference.

27.     Within the Tri-Merge Credit report, Plaintiffs noticed that Experian reported their tradeline for the Ocwen/PHH mortgage as follows: report as "Debt included in or discharged in the Chapter 13 Bankruptcy", reported the account as derogatory, and the account as closed, despite the Plaintiffs having been discharged from their Chapter 13 Bankruptcy and is still residing and making

payments on the property. *See* Exhibits "A" and "E"

28.     This reporting is incorrect because Plaintiffs completed the required payments through their chapter 13 bankruptcy and continued making payments on the same mortgage loan account because it was still open following the bankruptcy.[1]

29.     Within the Tri-merge credit report, Plaintiffs noticed that the Trans Union reported as follows: report as "Chapter 13, Wage Earner Plan Account,", a last payment date of October 4, 2018, reported the account as derogatory, and closed, despite the Plaintiffs having been discharged from their Chapter 13 Bankruptcy and is still residing and making payments on the property. *See* Exhibits "A" and "E."

30.     This reporting is incorrect because Plaintiffs completed the required payments through their chapter 13 bankruptcy and continued making payments on the same mortgage loan account because it was still open following the bankruptcy.[2]

<u>Credit Reporting Dispute Letters and Reinvestigation Requests</u>

31.     On or about June 2, 2021, Plaintiffs disputed the reporting of the Ocwen/PHH mortgage account with Experian, and Trans Union ("CRA Defendants") directly. Plaintiffs requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Ocwen mortgage account.

32.     Redacted copies of Plaintiff Pamela Tuel's dispute letters to Experian and Trans

---

[1] The Consumer Data Industry Association's Metro 2 reporting standards specifically instruct consumer reporting agencies to remove any suppression codes associated with bankruptcy reporting so that ongoing payments made by the consumer can be reported.

[2] The Consumer Data Industry Association's Metro 2 reporting standards specifically instruct consumer reporting agencies to remove any suppression codes associated with bankruptcy reporting so that ongoing payments made by the consumer can be reported.

Union are attached hereto as Exhibits "I" and "J" respectively and are incorporated herein by reference.

33.     Redacted copies of Plaintiff Ronald Tuel's dispute letters to Experian and Trans Union credit report are attached hereto as Exhibits "K" and "L" respectively and are incorporated herein by reference.

34.     Redacted copies of Plaintiff Pamela Tuel's USPS Tracking receipt to Experian and Trans Union and Plaintiff Ronald Tuel's USPS Tracking receipt to Experian and Trans Union are attached hereto as Exhibits "M" and "N" respectively and are incorporated herein by reference.

35.     On June 14, 2021, Experian responded to Plaintiffs, requesting additional information and ID. Plaintiffs provided that information on July 2, 2021 and resent dispute letters with the Chapter 13 Discharge Order.

36.     A redacted copy of Experian's response to Plaintiffs is attached hereto as Exhibit "O" and incorporated herein by reference.

37.     Redacted copies of Plaintiff Pamela Tuel and Plaintiff Ronald Tuel's Certified Green Mail receipts are attached hereto as Exhibits "P" and "Q" respectively and incorporated herein by reference.

38.     On June 18, 2021, Experian responded to Plaintiff Pamela Tuel by stating "Outcome: Processed-This item was either updated or deleted. Please review your report for the details. Experian did not make any of the requested changes to the Ocwen/PHH Mortgage account, but instead, deleted the tradeline, which was not what Plaintiff requested.

39.     A redacted copy of Experian's response to Plaintiff Pamela Tuel is attached hereto as Exhibit "R" and incorporated herein by reference.

40.     On June 18, 2021, Experian responded to Plaintiff Ronald Tuel's dispute by stating "Outcome: Updated-The item you disputed has been updated, which may include an update to the disputed information." Experian did not make any of the requested changes to the Ocwen/PHH Mortgage account, but instead, continued to report inaccurate information to Plaintiff Ronald Tuel's Experian credit report, despite having been discharged from his Chapter 13 Bankruptcy.

41.     A redacted copy of Experian's response to Plaintiff Ronald Tuel is attached hereto as Exhibit "S" and incorporated herein by reference.

42.     On or around August 2021, the Plaintiffs elected to obtain a new copy of their credit reports due to Experian's response to their June Dispute Letters.

43.     Redacted copies of Plaintiff Pamela Tuel's August Tri-Merge credit report and Plaintiff Ronald Tuel's August Tri-Merge credit report are attached hereto as Exhibits "T" and "U" respectively and are incorporated herein by reference.

44.     Within the August Tri-Merge Credit Report, the Plaintiffs noticed that Experian did not make any of the request changes and had deleted the tradeline from their Credit Reports which both Plaintiffs did not request.  Further, despite having stated that Experian updated Plaintiff Ronald Tuel's tradeline, the response was to delete the tradeline in the entirety.

45.     Experian's response was not the result of a reasonable investigation into Plaintiffs' dispute and failed to remedy the inaccuracies within the Ocwen/PHH tradeline because Plaintiffs showed that they were discharged from the Chapter 13 Bankruptcy and still residing in the home and making payments, but Experian continued to report, in pertinent part, that their accounts were still in Bankruptcy, closed and with a derogatory rating despite having been discharged. Further, Experian deleted Plaintiff Pamela Tuel's Tradeline without her requesting instead of making the

changes she requested.

46.     Further, Experian's response was not the result of a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiffs' information, claims, or evidence and failed to remedy the inaccuracies within the Ocwen/PHH tradeline because Plaintiffs sent a clear dispute and yet Experian made no changes to the disputed information, Bankruptcy status, or account status and instead deleted both tradelines.

47.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' Ocwen/PHH mortgage account.

48.     In accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH reporting lines.

49.     In the alternative to the allegation that Experian failed to contact Ocwen/PHH, it is alleged that Experian did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

50.     Trans Union never responded to Plaintiffs' dispute despite the USPS tracking receipts showing that Trans Union received the Dispute letters on June 12, 2021. *See* Exhibits "M" and "N"

51.     On or around August 2021, the Plaintiffs elected to obtain a new copy of their credit reports due to Trans Union's non-response to their June Dispute Letters. *See* Exhibits "T" and "U".

52.     Within the August Tri-Merge Credit Report, the Plaintiffs noticed that Experian did not make any of the request changes and had deleted the tradeline from their Credit Reports which

both Plaintiffs did not request.

53.     Trans Union's response was not the result of a reasonable investigation into Plaintiffs' dispute and failed to remedy the inaccuracies within the Ocwen/PHH tradeline because Plaintiffs showed that they were discharged from the Chapter 13 Bankruptcy and still residing in the home and making payments, but Trans Union, in pertinent part, chose to delete both Plaintiff's tradeline despite them having not requested it instead of making the requested changes.

54.     Further, Trans Union's response was not the result of a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiffs' information, claims, or evidence and failed to remedy the inaccuracies within the Ocwen/PHH tradeline because Plaintiffs sent a clear dispute and yet Trans Union made no changes to the disputed information and instead deleted both tradelines.

55.     Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

56.     In accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH reporting lines.

57.     In the alternative to the allegation that Trans Union failed to contact Ocwen/PHH, it is alleged that Trans Union did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

## V.     GROUNDS FOR RELIEF

## COUNT I – EXPERIAN'S VIOLATION OF THE FCRA

**(15 U.S.C. § 1681e(b))**

58.    The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

59.    Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

60.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

61.    Experian knew or should have known of Plaintiffs' Chapter 13 Bankruptcy history and accurate payment history and, yet Experian continued to prepare a patently false consumer report concerning Plaintiffs.

62.    Despite actual and implied knowledge that Plaintiffs' credit reports were and are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

63.    After Experian knew or should have known Plaintiffs' Bankruptcy discharge status and payment history were inaccurate for their Ocwen mortgage tradeline, it failed to make the corrections.

64.    As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

65.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

66.     The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

67.     The Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

68.     Experian violated 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

69.     As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70.     Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

71.    The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

72.    The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

73.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

74.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

75.    Trans Union knew or should have known of Plaintiffs' Chapter 13 Bankruptcy Discharge history and accurate payment history and, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiffs.

76.    Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

77.    After Trans Union knew or should have known Plaintiffs' Chapter 13 Bankruptcy Discharge status and payment history was inaccurate for their Ocwen mortgage tradeline, it failed to make the corrections.

78.    As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered

damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

80.     The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT IV – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

81.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

82.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

83.     As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

84.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

85.     The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – OCWEN d/b/a PHH'S VIOLATION OF THE FCRA
## (15 U.S.C. §1681s-2(b))

86.     Defendant Ocwen d/b/a/ PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

87.     Ocwen d/b/a/ PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen d/b/a/ PHH representation within Plaintiffs' credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute of the Ocwen representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen d/b/a/ PHH representations to the consumer reporting agencies.

88.     As a result of Ocwen d/b/a/ PHH's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and

suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

89.    Ocwen d/b/a/ PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## VI.    VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

90.    Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

91.    Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including New Jersey.

92.    Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

93.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

94.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

95.     Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

96.     Defendants have negligently and/or willfully violated various provisions of the FCRA and Ocwen d/b/a/ PHH negligently and/or willfully violated RESPA are thereby liable unto Plaintiffs.

97.     Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in their attempt to refinance their mortgage, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## VIII. PRAYER FOR RELIEF

**WHEREFORE PREMESIS CONSIDERED**, Plaintiffs, Pamela Tuel and Ronald Tuel pray that this Honorable Court:

A.     Enter Judgment in favor of Plaintiffs and against Defendants Experian Information

Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing  LLC, d/b/a  PHH Mortgage Services

jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not

limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and

time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic

opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of

personal and financial safety and security for Defendants' violations of the FCRA, applicable state

law, and common law;

B.     Find that the appropriate circumstances exist for an award of punitive damages to

Plaintiffs;

C.     Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D.     Order that the CRA Defendants, Experian Information Solutions, Inc., and Trans Union

LLC, and Furnisher Defendant, Ocwen Loan Servicing LLC, d/b/a PHH Mortgage Services, work in

conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s),

credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs

and/or any of Plaintiffs' personal identifiers.

E.     Grant such other and further relief, in law or equity, to which Plaintiffs might show

they are justly entitled.


Date Filed: _October 29, 2021_

Respectfully submitted,


_s/ Gloria C. Lam_____
Gloria C. Lam
NJ State Bar Number 286962018

Page 19 of 21

FCRA-NJ@fieldslaw.com
**FIELDS LAW FIRM**
21 South 11th Street, Suite 520
Philadelphia, Pennsylvania 19107
(612) 383-1868 (telephone)
(612) 370-4256 (fax)


COUNSEL FOR PLAINTIFFS

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.


<u>October 29, 2021</u>                              *<u>s/ Gloria C. Lam</u>*
Date                                               Gloria C. Lam